The next case is called Oral Argument on People v. Hill. You guys are scaring off all the opponents or what? That's one argument. First time for me in 12 years. They're setting records today apparently. This is an appeal by the state, actually. First degree murder case where the court ruled that certain statements made by the defendant during the course of a discourse, if you will. I wouldn't call it an interrogation necessarily, between a police officer and the defendant were excluded or should be excluded under Supreme Court Rule 402F as being plea-related statements. One, I guess, good thing about this case is that the statement issue is taper-corded. So this court has access to that, DVD or whatever it is, and you can judge for yourself, I think, the same facts. I'm not going to get into them too deeply given those circumstances, just to make a few points. Also to note that there are really three recordings in this case, two of which the state all pretty much conceded would fall under Rule 402F in exchange for probation and offense. It's the first statement that the defendant made to the police officer is the one at issue here. This is the one that the state contests as falling under the parameters of Rule 402F. To further narrow the issue, really what it comes down to is what is meant by the word deal. Because deal is a word that figures prominently in the discussion between the police officer and the defendant. As a way of background, the defendant was in jail on two unrelated charges. At this point, I only believe he's a direct or knowledgeable suspect in this particular murder, but the police believe that he may be able to provide certain information because he was a friend of the victim. So the police officer, Officer Wittenauer, came to the jail to talk to him and began to speak to him and was quite surprised. The defendant said, hey, I talked to my lawyer. I wanted to do something here. I have information about this, but I want to have a deal. So his subjective belief would not? His subjective belief is inherent. What's missing is that subjective belief, and that's sort of the gravamen of my argument. What we have here is clearly the defendant wanted to do or get some kind of benefit in exchange for the information he was going to provide to the police. Is that the word he used? That's the word I'm using, but I'm using that as a construction of the word deal. And the reason I do that is this. Although Rule 402F excludes discussions that are pleading, the key word there is pleading. It's not simply that a person was hoping to achieve a benefit. And so the case law says, and the Freedman is sort of the leading case here, it says that, well, in order for there to be a pleading statement, there has to be the rudiments of a plea negotiation. And that's sort of the fine air, I suppose, is being split in this case. But I do believe that if you look at this, and given the circumstances at this point, this officer was not talking to this person with any expectation or belief in providing some information, and the defendant sort of began to volunteer this stuff. Also, when you consider the fact that when the defendant was speaking to the officer, the officer wasn't engaging him to talk as part of some sort of quid pro quo or exchange. That's not necessarily a requirement. Although I think it's important to also note that what the defendant was doing here is offering him nuggets of information. I know this, I know that. The officer's sort of like, hmm, okay, okay. And then he reads him his Miranda notes at this point, which, you know, I don't know if that necessarily quashes the notion of a plea negotiation, but certainly probably is indicative of the officer's approach to this. But I think that what the most important aspect of this is that there's not any indication in this particular description of a willingness to plea guilty of anything. That is the essence of a plea, okay? And I cite a case, TAM, which I think is a very interesting and relevant statement. And that is that we have to be cautious about talking about what deal means, because a deal can mean a lot of different things, none of which have anything to do with a plea. When you look at this case, okay, he wasn't being charged with anything that relates to this case. So he wasn't offering anything in terms of a plea here, okay? But importantly, he doesn't articulate anything that he wants to get through this change for this information. So this is a question of the absence of evidence, not necessarily of a plea. Well, he basically asked for some undefined benefit or benefits. But that benefit could be a lawyer. That benefit could be dismissal of the charges. In fact, at one point he begins to talk to the officer and explain to him how he wasn't guilty of his aggravated battery charge. Again, that in and of itself doesn't necessarily answer the question, but it's all part of sort of the broader picture of what was the defendant's subjective intent here, his subjective intent. It's really not known, but if you look at the totality of the circumstances, it falls far short, I think, of the expectation the defendant was hoping to achieve a plea bargain. And that's the point. Now, that developed later once the lawyers got involved. And I acknowledge that there was latitude. There was no challenge to that. But at this point, where no one was really involved, this officer came into his blind. Okay? And the defendant sort of threw out his little nuggets at him and said, what do you think? Maybe you should talk to someone about it. It's not clear at all at this point what the defendant was wanting to get at. But didn't he use the word deal and strike a deal so that his subjective belief was that he was making a deal? But isn't it just as likely that he could say, look, I'll give you what you want on the murder. You let me out of jail. I'll let you know what you want about this murder. Lord, my God. Dismiss my act of discharge. I didn't do it. Okay? Let me bring me more money for the commissary. I don't know what a deal is. We don't know what a deal is. The officer didn't pursue this because, obviously, he wasn't approaching this from a negotiation standpoint. He was merely acquiring information. So, I mean, I think if you look at the totality of the circumstances here, we haven't reached quite that 402F point yet. You've got the defendant making statements. You've got him articulating some undefined deal, which can mean a lot of things. Okay? But without some concrete evidence, that actually has something to do with the plea negotiation. I don't think it is properly excluded under that rule. You know, the courts have admonished that 402F isn't meant as essentially an instrument to suppress a police officer's investigative ability. Okay? It's meant to – its design is to not, I guess, hinder the benefit of a defendant who wants to enter into a plea for fear that those statements may be used against him. Can negotiations with an investigator without a specific deal be plea related? No. Because a plea is a plea. And that's really – if I had to reduce my argument to one sentence, a deal is not necessarily a plea. A plea is always a deal. So, you know, we get into subset theory, I suppose, here, and I'm going to start to sound like Steve Norris. But I think what we're really after is that because we don't know what a deal is at this point, and because the defendant isn't indicating any willingness to plead guilty, he hasn't indicated any terms. No terms have been brought out to his attention. He's indicated an innocence to one of the charges. Okay? And because it's a murder investigation, okay, and he's sitting on jail on charges there, nothing to do with the murder case. You know, I think the totality of the circumstances, if we have to develop some idea of what the defendant's subjective intention is, tilts far more towards something different. His subjective. Subjective. Right. You know, and, of course, the subjective – you know, it always helps if there's something explicit. I acknowledge that it could be implicit from the record. But let's look at this Freedman, because I think the Freedman case is an interesting example of where we get to that consideration. Freedman talked about wanting to get a deal. He attached to that discussion the fact that he wanted to know whether he could do time in state or federal prison. And the court noted that that particular statement in the context of the deal indicates a willingness or a desire to plead guilty. Okay? The court also noted, I think relevantly, that the only thing that Freedman had to give was his plea in that case. Because he was talking to the police about that particular charge that he wanted to meet with. Here, he was coming in – he wanted to deal on unrelated charges. He wanted to offer up false information, basically, about what happened in this case. And that's – you know, I think that those are very significant distinguishing factors. I agree it's difficult. When you hear deal, I think that, especially if you're an attorney, deal always sort of has the connotation of, I'll give you something, you give me something, and that's what it is. But we also know that it can, especially in criminal cases, encompass a broad spectrum of possibilities. In the absence of anything to show that this defendant's going to plead guilty, the words, I'll plead guilty, or I'll take a plea, I'll do something, never come from this defendant. The officer's under no obligation to ferret out from him what he wants or expects of this deal. He doesn't even know if anyone's even going to go along with it. He just sort of sits back passively and lets the defendant say his little nuggets of information, and then says, okay, I'll pass it on to the prosecutor. And what you're talking about that you would like to have unsuppressed is simply that tape. First statement. First statement. Not anything that led you to something else. It's just the playing of that tape in front of the jury in his murder trial. For reasons I don't know if I can state specifically here, they feel it's important. Yeah. I accept that just because I have to accept that, I suppose, but yes. There were three statements. The judge suppressed all three. We're not conceding the latter two. Only the first one was the one I want to raise. The August 15th. Correct. Yes, Your Honor. That's correct. I couldn't remember the date, but that's right. Don't. You've jotted them down. It'd just be interesting whether it came in because it talks about two other crimes he may have committed, you know. But we don't get into that. We're all skilled at projection DVDs anymore, so. Yeah, well, that's. If I had to speculate, I think it just had to do with the particulars of how he pinned it on these other people. Yeah. And it probably figures into the broader factual matrix of what other people said. It shows that this dissembling here is probably indicative of a guilty law. Okay. I guess. I'll come back to my prosecutor's cloak. So, anyway, I appreciate your time, Your Honor. I know you probably already got it. It's a hold case. It's a state case. Thank you, Your Honor. Thank you. We appreciate it. Thank you. Thank you, Your Honor.